JOSEPH L. DeMARIA *v.* ENFIELD PLANNING AND ZONING COMMISSION (No. 6542)

JOSEPH L. DeMARIA *v.* ENFIELD PLANNING AND ZONING COMMISSION ET AL. (No. 6387)

PETER RUSSELL ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF ENFIELD ET AL. (No. 6388)

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued May 7—decided June 23, 1970

*L. Paul Sullivan,* for the appellant (plaintiff) in the first case and the appellee (plaintiff) in the second case.

*Charles W. Page,* and *Arthur A. Frankl* of the Massachusetts bar, for the appellant (defendant Connecticut Diversified Investors Corporation) in the second and third cases.

*John D. Adams,* corporation counsel, for the appellee (named defendant) in the three cases.

*William B. Collins,* for the appellees (plaintiffs) in the third case.

HOUSE, J. These three cases are closely interrelated although the factual background of the three appeals is somewhat complicated.

The town of Enfield adopted a zoning ordinance effective December 15, 1966. The town was divided into three residential districts, four business districts, and an industrial district. The ordinance also provided for planned residential development districts, and for that purpose the town was divided into sixteen neighborhood districts. In nine of these districts apartment dwellings were allowed by special permit upon approval by the planning and zoning commission. The ordinance set out the usual requirements for such apartment construction, such as building height, and yard, basement and utility requirements, and required that applications for special permits be accompanied by the customary filing of plans and specifications setting forth the details of any proposed apartment complex. Section 10-4 of the ordinance established the maximum number of "apartment unit equivalents" for each of the nine neighborhood districts where apartments are permitted, each such unit being determined by the number of rooms in each apartment. In the lower Enfield Street neighborhood district, 375 apartment unit equivalents were authorized. The ordinance (§ 10-6)

also provided that petitions for apartment house permits "shall be considered in the order in which they are filed."

An applicant, Four Winds Realty Corporation, applied for a permit to construct 212 apartment unit equivalents in the lower Enfield Street neighborhood district, and the planning and zoning commission approved the application on April 6, 1967. Approval of that application is not challenged in these proceedings, and with the granting of that permit there remained 163 units for allocation in that neighborhood. On December 29, 1966, Joseph L. DeMaria applied to the planning and zoning commission for a permit to erect 162 apartment unit equivalents in that neighborhood district. At a meeting of the commission held on March 30, 1967, the commission denied DeMaria's application by a 4-2 vote. Its records disclose that the "Reason for Denial" was stated to be: "(1) The esthetic effect of the complex in relation to the existing neighborhood and the town in general. (2) The Commission concludes that the complex of apartments as submitted on the plans does not present a satisfactory image of what the Commission believes apartments should convey to the Town." On April 17, 1967, DeMaria appealed the decision of the commission to the Court of Common Pleas, alleging that the commission acted illegally, arbitrarily and in abuse of the discretion vested in it and that the stated reasons for the denial of his application were insufficient as a matter of law.

In the meantime, on February 20, 1967, Connecticut Diversified Investors Corporation, hereinafter referred to as CDIC, applied to the planning and zoning commission for a permit to construct 112 apartment unit equivalents in the same neighbor-

hood district, but in a different area of it. The commission heard this application on April 19, 1967, and approved it on May 17, effective on May 23, 1967. On June 1, 1967, DeMaria appealed to the Court of Common Pleas from this decision, alleging that the intent and the effect of the action of the commission in granting the permit to CDIC were to exhaust "the number of 'Equivalents'" allotted to the lower Enfield Street neighborhood district, thereby precluding him from constructing his proposed apartment complex in the event that he should be successful in his pending appeal from the denial of his application for a permit. He further alleged that the effect of the commission's action in granting the application of CDIC was "to frustrate the plaintiff's appeal and to deprive the plaintiff of any meaningful benefit which has been afforded him by reason of his statutory right to appeal, and to avoid the proper supervision of its activity by the Court of Common Pleas," since, had the commission granted his prior application for a permit, that permit would have precluded the commission from granting the application of CDIC because to do so would exceed the maximum number of apartment unit equivalents authorized in the neighborhood. DeMaria further alleged that under the circumstances the commission had acted illegally, arbitrarily and in abuse of its discretion and by its action had deprived him of "his right to property without due process of law." The amended answer of the commission admitted the truth of each of these allegations. By stipulation, CDIC was added as a party defendant on this appeal, which will hereinafter be referred to as DeMaria's second case.

The commission's decision to grant a permit to CDIC was attacked on a second front when, on June

5, 1967, Peter Russell and two other owners of property near the location of CDIC's proposed apartment complex appealed to the Court of Common Pleas from the decision of the commission. We shall hereinafter refer to this case as the Russell case. In this case, to which CDIC was also made a party defendant, the plaintiffs alleged that they were aggrieved by the decision of the commission to grant a permit to CDIC because CDIC's proposed complex would adversely affect the value of their properties and would increase traffic, and that the plan was not in harmony with the general area and would adversely affect the public health, safety and general welfare of the community. They further alleged that the commission had acted illegally, arbitrarily and in abuse of its discretion, asserting twelve reasons for this claim.

DeMaria's second appeal and the Russell appeal were consolidated for hearing in the Court of Common Pleas. On March 12, 1968, the Court of Common Pleas rendered judgment for the plaintiffs in those two cases. In its memorandum of decision discussing the consolidated cases, the court indicated that it had made no decision on the substantive merits of CDIC's application to the commission but had confined its decision "to the illegal action of the commission in hearing and approving the application of CDIC prior to the court's determination of DeMaria's appeal from the commission's denial of his petition for a special permit to construct apartments." CDIC has appealed to this court from the judgment entered in these two cases. The sole assignment of error briefed and argued by CDIC is that the court erred in concluding as a matter of law that the provision (§ 10-6) of the Enfield ordinance that petitions for apartment permits "shall be con-

sidered in the order in which they are filed" requires the commission to await decision on an appeal involving the rights of an applicant prior in time, before entertaining and granting a later application for a special permit for apartment house construction in the same neighborhood district.

Two days after its decision in the second DeMaria case and the Russell case, the Court of Common Pleas dismissed DeMaria's earlier appeal from the refusal of the commission to grant him a special permit. From this latter judgment DeMaria has appealed to this court, and it is this case which we now first examine.

When a zoning commission states the reasons for its action, "the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations." *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758; *George LaCava & Sons, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 309, 311, 225 A.2d 198; *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886. As we have already noted, the only reasons which the commission gave for denying DeMaria's application were "[t]he esthetic effect of the complex in relation to the existing neighborhood and the town in general," and that the proposed complex of apartments "does not present a satisfactory image of what the Commission believes apartments should convey to the Town." In effect, the commission by a 4-2 vote found the proposed apartment complex aesthetically displeasing and inappropriate, and these were its only stated reasons for denying the application.

It is unnecessary to discuss the extent to which sufficiently defined aesthetic standards may properly influence the decision of a zoning commission. See 1 Rathkopf, Zoning and Planning, c. 11, "Zoning for Aesthetic Objectives"; "The Connecticut Law of Zoning," 41 Conn. B.J. 262, 277–81. Certainly, vague and undefined aesthetic considerations alone are insufficient to support the invocation of the police power, which is the source of all zoning authority. See *Faubel* v. *Zoning Commission*, 154 Conn. 202, 210, 224 A.2d 538; *Gionfriddo* v. *Windsor*, 137 Conn. 701, 705, 81 A.2d 266; *Murphy, Inc.* v. *Westport*, 131 Conn. 292, 296, 300, 40 A.2d 177. The memorandum of decision discloses that the court looked behind the formal vote and the reasons stated by the commission for its action and inferred that the commission had found DeMaria's plans deficient or objectable in respects other than those recited in its vote to deny the application.

As we have already indicated, where a zoning commission has formally stated the reasons for its decision the court should not go behind that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision. See *Welch* v. *Zoning Board of Appeals*, 158 Conn. 208, 214, 257 A.2d 795; *Woodford* v. *Zoning Commission*, 147 Conn. 30, 31, 156 A.2d 470. Included among DeMaria's assignments of error on this appeal are the claims that the court committed error in failing to confine its review and its decision to the reasons assigned by the commission for its action and in failing to find that the reasons assigned by the commission for its action are improper and insufficient as a matter of law. We

conclude that the court did err in these two respects. Accordingly, on DeMaria's first case we find error and remand the case to the Court of Common Pleas with direction to sustain his appeal from the denial of his application for a permit to construct his proposed apartment house complex.

The decision we have thus reached on DeMaria's first case obviates any extended discussion of the merits of CDIC's appeals to this court in the second DeMaria case and the Russell case. Not only has the commission admitted in its amended answer to DeMaria's complaint that under the circumstances its action in granting the permit to CDIC while DeMaria's first appeal was pending was illegal, arbitrary and in abuse of its discretion but the brief filed by CDIC in these two cases frankly concedes that "[i]f this court should sustain DeMaria's separate appeal and direct that he be awarded his units, the present case will become moot." This is obviously so, since the granting of DeMaria's original application as a result of the sustaining of his appeal will, for all practical purposes, exhaust the number of apartment unit equivalents available in the lower Enfield Street neighborhood district. Our remand of De-Maria's first case with direction to the Court of Common Pleas to sustain his appeal will produce this result. CDIC's appeal to this court from the judgment entered on DeMaria's second appeal to the Court of Common Pleas is, accordingly, dismissed as moot.

The same result follows in CDIC's appeal to this court in the Russell case. As we noted, in that case the plaintiffs appealed to the Court of Common Pleas as allegedly aggrieved persons from the action of the planning and zoning commission in granting a permit to CDIC to erect apartments in the same

lower Enfield Street neighborhood district but in a different area from that proposed by DeMaria. The 212 units previously allotted to Four Winds Realty Corporation, together with the 162 units to which DeMaria is entitled as a result of his successful appeal in the first case, leave but one unit unallotted. As a consequence, the action of the commission in allotting 112 apartment unit equivalents to CDIC in the lower Enfield Street neighborhood district cannot in any event be sustained, in view of the regulation which limits the apartment units in that neighborhood to a total of 375. Accordingly, the issues raised in the Russell appeal have also become moot, because, whether or not the commission acted illegally, arbitrarily and in abuse of its discretion in the ways alleged by the plaintiffs in that appeal, the construction of the 112 units allotted to CDIC is now impossible since the maximum of 375 units would be exceeded.

We conclude, accordingly, that CDIC's appeals to this court in both the second DeMaria case and the Russell case should be dismissed as moot.

In case No. 6542, DeMaria v. Enfield Planning and Zoning Commission, there is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In case No. 6387, DeMaria v. Enfield Planning and Zoning Commission et al., and case No. 6388, Russell et al. v. Planning and Zoning Commission of the Town of Enfield et al., the appeals are dismissed.

In this opinion the other judges concurred.