[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Leonard Udolf (hereinafter "plaintiff") owns property located at, and commonly known as, 1253 New Britain Avenue, West Hartford (hereinafter "property"). The plaintiff submitted to the Plan and Zoning Commission of the Town of West Hartford (hereinafter "commission") an application for a special use permit in order to establish a 2,700 square foot retail nursery building and related outside sales area located on a 14175 square foot area of land situated at the southeast corner of Knollwood Road and New Britain Avenue, West Hartford, which is the subject property of the application.
On or about January 3, 1990, a public hearing was held before the commission on plaintiff's application for said property.
On or about January 11, 1990, the commission denied the plaintiff's application for a special use permit and the commission submitted findings supporting its denial.
The plaintiff claims that in denying the application for a special use permit the commission acted illegally, arbitrarily and in abuse of the discretion vested in it.
FACTS
From the record the court finds the following facts relevant to a review of the commission's findings. Two zoning classifications apply to the subject property. That portion of the property that was classified as a business zone (BN) was occupied by a nursery for a number of years prior to its destruction by fire. That portion of the parcel that was classified as residential (R-6) was unimproved and there was no evidence presented to the commission regarding any prior use of that residential portion of the site in connection with the nursery. The applicant is seeking to construct a nursery on that portion of the property that is zoned residential.
ISSUE
Did the commission act illegally, arbitrarily, and in abuse of its discretion in its denial of the special use permit.
DISCUSSION CT Page 2636
Based upon facts stipulated to by the parties before this court, the court finds that the plaintiff is aggrieved. The court therefore does have subject matter jurisdiction over the appeal.
When the agency acts upon a special permit application, its actions are governed by existing provisions of its own regulations. A. P. W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182, 186. The zoning regulations must contain standards for the issuance of special permits, and where those standards exist, the commission must adhere to them and cannot deny an application which conforms to the criteria in the regulations. DeMaria v. Planning and Zoning Commission,159 Conn. 534, 540, 541.
The applicable zoning regulations of the Town of West Hartford are found in 177-42(5) wherein the commission in order to grant such an application shall make a finding that each of the following standards are met:
 (a) The location and size of the use, the nature and intensity of the operations connected with it, the size of the lot in relation to it, and the location of the lot with respect to streets giving access to it are such that it will be in harmony with the appropriate and orderly development of the district in which it is located.
 (b) The kind, location and height of all structures and the nature and extent of the landscaping on the lot are such that the use will not hinder or discourage the appropriate development and use of adjacent properties.
 (c) The parking and loading facilities are adequate and properly located for the proposed use, and the entrance and exit driveways shall be laid out so as to achieve maximum safety.
When acting upon a special permit, a zoning commission acts in an administrative capacity. Sheridan v. Planning Board,159 Conn. 1, 16. Its function is to determine whether 1) the applicant's proposed use of the property is expressly permitted under the commission's regulations; 2) whether the standards in the relevant zoning regulations are satisfied; and 3) whether conditions necessary to protect public health, safety, convenience and property values, as provided by Section 8-2 of the General Statutes, can be established. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 307. CT Page 2637 In the case at bar the commission limited its review to the issue of whether the standards of the relevant zoning regulations are satisfied.
An agency acting upon a special permit is required to give reasons for its action. C.G.S. 8-3c. When reasons are given, the Superior Court on appeal determines whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the agency is required to apply under the zoning regulations. DeMaria, supra, 541.
The first ground to support plaintiff's contention that the commission acted illegally is that the use applied for was a non-conforming use and it was therefore not necessary for the commission to make findings under 177-42A(5).
While zoning regulations can prohibit certain activities from particular zones, an existing use cannot be terminated even though that use is subsequently prohibited in the zone. Conn. Gen. Stats. 8-2, as amended. Once a use has been established, and not merely contemplated, no subsequent regulation can prohibit it. MacKenzie v. Town Planning and Zoning Commission, 149 Conn. 678, 684 (1962); see Karls v. Alexandra Realty Corp., 179 Conn. 390 , 398 (1980). For a use to be considered non-conforming, therefore, it must be lawful and it must have been in existence at the time that the zoning regulation making the use non-conforming was enacted. Cummings v. Tripp, 204 Conn. 67, 91-92 (1987).
The burden of proof is on the party asserting the affirmative of an issue. The plaintiff in his first claim asserts that the use applied for was a non-conforming use.
The commission did not explicitly address this claim of the plaintiff in the reasons stated for the denial. It can be inferred, however, from the reasons given that the commission did not consider the proposed use of the residentially zoned portion of the property a non-conforming one. The record reflects virtually nothing from which the commission could reasonably infer that the proposed use of the property where the building was to be located was a non-conforming use. The plaintiff has failed to prove that a non-conforming use had been established.
The second and sole remaining claim of the petitioner is that the proposed use was in harmony with the appropriate and orderly development of the district in which it is located. 177-42A(5)(a). CT Page 2638
The commission in its denial of the application on January 1, 1990, did find that each of the three standards specified in 177-42A(5) were not complied with and the commission gave its reasons for the respective conclusions of non-compliance. This court will review the first standard that the commission finds was not satisfied in light of the abandonment of other claims by the plaintiff.
Pursuant to 177-42A(5)(a) of the Regulations the commission found that the proposed use was "not in harmony with appropriate and orderly development of the district in which it is located." The commission went on to explain, inter alia, that the town plan of development list as objectives the maintaining "of existing pattern and intensity of development along residential portions," as well as "to maintain current boundaries between the residential (R-6) and business (BN) zones . . . ."
There is ample evidence in the record to support this finding that the first standard is not complied with. The testimony and documentary exhibits indicate that the proposed building was to be constructed in that portion of the property that was zoned residential, that the previous structure did not exist in the residential zone and that there was a dearth of evidence that non-conforming use was proposed for the residential portion of the realty.
The court will not address the two additional findings of the commission in light of the abandonment of any claim that the respective standards had been met.
Where the commission gives reasons for its action, the court should not go behind the official collective statement of the commission to find other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision. DeMaria, supra, 541.
The commission gave reasons for its denial and that was the failure of the applicant to comply with the standards found in 177-42A(5).
Where a special permit is denied, it is sufficient if any one of the reasons given support the commission's action. Housatonic Terminal Corporation v. Planning and Zoning Board,168 Conn. 304, 305, 306; Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 576; Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50.
The commission's conclusions must be reasonably supported CT Page 2639 by facts in the record. Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56.
The commission's findings are reasonably supported by facts in the record.
The appeal is overruled.
Miano, J.