[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE ADMINISTRATIVE APPEAL
Plaintiffs bring this administrative appeal[1] from a decision of defendants denying their petition for "site plan approval for Bulky Waste Reduction Facility, I Zone."
Facts
The plaintiffs are the owners of real property in the Town of Newington, known as Lots 1, 2 3 Fenn Industrial Park (the Property) which is in an I Industrial Zone.
On September 27, 1989 the plaintiffs' agent met with defendant and gave a lot of information to defendant about the plaintiffs' proposal to submit an application for site plan approval.
The plaintiffs at a March 28, 1990 meeting specifically told the defendant that "this doesn't need a public hearing because it is zoned in [sic] the proper use".
On April 4, 1990 they filed with the defendant an application for "site plan approval for a Bulky Waste Reduction Facility, Zone I" which was to provide for the processing of bulky waste from construction projects, by (1) reduction of said materials and/or by sorting said waste; (2) the placing of it in bins, by category; and (3) the removal of it from the premises. The proposal did not cover the processing of any CT Page 8750 hazardous waste; nor was any waste to be permanently stored or kept on the premises.
The application form which plaintiff filed has eight numbered spaces under the heading "This Application is for; (Check one of the following)." Numbers 1, 2, 4, 5 and 7 each, after the name of the item being applied for, has the words "(Public hearing)". The name of number 3 is "Filing for Subdivision" and for number 8 is :Other (Describe in Detail)" The item checked by plaintiffs is number 6, "Site Development Plan". The words public hearing do not appear after that item.
The "agenda" for the meeting of April 11, 1990 section VII Petition for Scheduling lists seven (7) petitions by letter. Item A seeks an amendment of the regulations. Item B requests a "Special Permit." Item C requests a Special Exception. Those three items were each scheduled for "Public Hearing".
The last four items are "D. . . site plan modification"; "E . . . subdivision approval"; "F . . . Retail Uses and Site Plan Approval . . . [and certain waivers]"; and "G . . . request [for] site plan approval" by plaintiffs. Items D, E and F were scheduled for April 25, 1990 but not for a public hearing. In regard to plaintiffs' application the town planner recommended it not be scheduled for anything.
The application was put on the defendant's April 11, 1990 agenda. After discussion the defendant voted to deny the petition because the proposed site plan was not for a permitted use. On April 12, 1990 notice of that denial was sent to plaintiffs.
Plaintiffs did not make any offer of proof in this court as to what additional facts they might have presented to the defendant which might have shown that the proposed use was permitted under the regulations.
Law
The plaintiff presented its due process argument at the court hearing on this appeal but the parties seemed to emphasize the language of 3.16. 1A; "manufacturing, processing or assembly of components of goods."
The zoning ordinances in regard to an I Industrial Zone permit only the uses set forth in 3.16.1 which are as follows:
 "A. Manufacturing, processing or assembly of components or goods.
CT Page 8751
B. Warehouse, storage or wholesaling.
C. Office and financial uses.
D. Public utility facilities.
E. Veterinary hospitals.
 F. Automotive uses as permitted by the General Statutes, including trucking facilities.
G. Personal and business services.
H. Restaurants and fraternal organizations.
 I. Other industrial operations similar to those listed above, provided that such uses do not produce or emit objectionable dust, noise, or vibrations, smoke, refuse matter, odor, gas or fumes, or have dangerous or offensive characteristics."
The zoning regulations also specifically provide in section
 "1.2.1 These regulations are intended to state the uses of land and/or building [sic] and structures which are permitted within the Town. USES NOT STATED ARE NOT PERMITTED." (Emphasis in original)
Plaintiffs did not apply for a special exception under zoning regulation 3.17.1 which permits refuse disposal under certain conditions.
I. Right to a Hearing
A. The zoning regulations alone do not require a hearing. Plaintiffs have pointed to no section of those regulations which indicate a hearing is required and the court has searched the regulations with that in mind and found nothing helpful.
B. The plaintiffs also rely on our statutes to argue that notice of a hearing and a hearing itself are required. However, plaintiffs again point to no statute but argue fairness and "natural justice."
C.G.S. 8-7d(a) sets certain time limits for petitions CT Page 8752 upon which a hearing is required. Those limits are measured to and from the date of the hearing. The following subparagraph, (b), refers to approval of site plans. It too sets temporal limits but only from the "receipt of such site plan". In neither subparagraph is a hearing contemplated for a site plan application. Carr v. Woolwich, 7 Conn. App. 684, 698-699.
II. Regulation 3.16.1A
As presented to this court the heart of the case is whether plaintiffs' use is permitted under regulation 3.16.1A which reads as follows: "Manufacturing, processing or assembly of components of goods." The plaintiffs rely on the "processing" section of that regulation. Dictionaries are referred to by the parties. The court has consulted several plus Roget's Thesaurus.[2]
Unfortunately, the defendant never gave the applicant a chance to answer the main question presented at the scheduling discussion. That question was, "What is the definition of `processing'?" The defendant never made any findings as to whether or not the applicants' proposal was "processing" and thus never asked itself nor answered the question of whether applicants' proposed actions were processing. That, of course, is the question to be answered before the conclusive question that the defendant did answer; Do the regulations permit
plaintiffs' proposed actions? The defendant clearly decided the last question but not the first or the second. Added to this unfortunate circumstance is the fact that the applicants themselves, through their agent Newell Stamm helped the defendant skip the first two questions when at the March 28, 1990 regular meeting he said, "We feel this doesn't need a public hearing because it is zoned in [sic] the proper use".
The defendant did view the film of plaintiffs' proposed operation. That film had in it, if not all of the evidence which plaintiffs wanted to present in regard to what "processing" they were going to do, at least some of it. From that the defendant could very well determine that the "processing" plaintiffs proposed was not covered by one of the reasonable definitions of processing which the regulations permit.
Although this court may not look behind the record which has been presented, DeMaria v. Planning Zoning Commission,159 Conn. 534, 541, it has found that defendant saw plaintiffs' film. The court also infers that from that film and plaintiffs' agent's factual presentations the defendant could not find that the proposal was processing. CT Page 8753
The same reasoning applies in regard to plaintiffs' claim that 3.16.1(A)(I) allowing "[o]ther industrial operations similar to those listed above" covers their operation.
 III. Rights to Present Facts re' Plaintiffs' Operation
While it is true as the court held in section I of this memorandum that no public hearing is required on a site plan application, plaintiff still must be permitted to produce the evidence that would support their interpretation that their operation is processing. They came prepared to be "scheduled". In fairness that is what should have occurred.
Actions of Commissions such as defendant "must be conducted so as not to violate the fundamental rules of natural justice." Connecticut Fund for the Environment v. Stamford, 192 Conn. 247, 249.
Appeal is is sustained and the matter is remanded to defendant to conduct a hearing at which plaintiffs, and defendant if it wishes, may present evidence and argument as to whether or not its proposed operation is a permitted use under the zoning regulations of the Town of Newington.
N. O'NEILL, J.