[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal, under Connecticut General Statutes Section 8-8, by the plaintiffs, Gristmill Associates and its principals, Donald and Linda Scussel, from the decision of the defendant, the Zoning Board of Appeals of Coventry (ZBA), denying the plaintiffs' appeal from the Coventry Zoning Enforcement Officer and application for a variance and special use permit. William Gildea, an abutter to the subject property, was allowed by the court, McWeeny, J., to intervene as a party defendant.
The plaintiffs own property located at 65 Lake Street in Coventry, which property was the focus of the hearing before the ZBA. This property falls within a commercial zone, denoted as C-1. On the parcel is a frame building, a garage, and a barn. Also on the property are four prefabricated, metal, storage unit structures, which units are rented to the public. It is these units which generated the controversy underlying the administrative actions which form the basis for this appeal.
The local zoning enforcement officer determined that these storage units constitute an illegal expansion of a nonconforming use in a C-1 zone. The officer ordered the plaintiffs to curtail this use. On January 16, 1992, the plaintiffs appealed this order to the ZBA and, in the alternative, also applied for a variance and special use permit to continue using their land in this manner.
On February 19, 1992, the ZBA held a hearing on this appeal and application for variance and special use permit. At the conclusion of the evidentiary portion of the hearing, a board member, McDougall, moved to deny "the application of Donald A. Scussel and Linda A. Scussel, appealing the decision of the Zoning official under Section 2.3, Zoning Violations issue number ZV92-01, CT Page 8659 regarding storage containers/trailers in the C-1 Zone." He further stated, "The reason I would give is that a hardship has not been adequately shown." (Return of Record, transcript of ZBA hearing, p. 15). The motion carried, and the denial of the plaintiffs' appeal and the reason therefore were reiterated in the minutes of the hearing (Return of Record, Minutes of Hearing, p. 3) and incorporated in the notice of decision, dated February 21, 1992, mailed to the plaintiffs (Return of Record).
On February 28, 1992, the plaintiffs commenced this appeal from the decision of the ZBA. On May 6, 1993, this court remanded the matter to the ZBA for clarification regarding the ZBA's decision with respect to the appeal from the zoning enforcement officer and applications before it. The reason for the remand was because the transcript of the hearing, minutes of the hearing, and notice of decision made no mention of any ZBA action regarding the application for a variance and a special use permit. On May 18, 1993, the ZBA held a hearing at which the court's remand was discussed. A transcript of this hearing supplements the original Return of Record.
On October 12, 1993, the court heard the trial of this administrative appeal. The court finds that the plaintiffs are aggrieved by the decision of the ZBA because they own the property which was the subject of that agency's action, Bossert Corp. v. Norwalk, 157 Conn. 279 (1968), p. 285.
Before the court can review the decision of an administrative agency, it must determine what that decision was. In this case, the content of that decision is in dispute. Unfortunately, the court's remand to the ZBA failed to resolve this dispute. The plaintiff's position is that, although the express language of the motion before the ZBA only addressed the appeal from the zoning enforcement officer, the reason stated could only apply to the variance issue, and, therefore, the court ought to construe the ZBA's decision to be a denial of the variance application only. The defendant's, on the other hand, while acknowledging that the motion's wording was confined to the appeal from the zoning enforcement officer and agreeing that the reason stated applies only to the variance issue, contend that the court ought to construe the ZBA's decision to encompass a denial of both the appeal and the application. Under this theory, the reason stated refers to the variance request, and no reason for the denial of the appeal from the zoning enforcement officer was given. CT Page 8660
The transcript of the May 18, 1993, supplemental hearing demonstrates that the transcript of the original hearing was, in fact, accurate and complete. That is, no language or motions were made but omitted in transcription. It is also clear that the board members intended to vote on all matters before it. What remains unclear, however, is whether the reason given, viz. a lack of hardship, was the board's stated justification for denying the appeal from the zoning enforcement officer's actions.
The court holds that it must review the ZBA's decision based on what the board said and not on what it meant to say, at least where the record is complete and accurate, as in this case. Thus, the court must regard the ZBA as having denied the appeal from the order of the zoning enforcement officer on the basis of a lack of proven hardship and as having taken no action with respect to the application for variance and special use permit.
Under Connecticut General Statutes Sections 8-6(1) and 8-7, a zoning board of appeals has the duty and power to hear and decide appeals from the local zoning enforcement officer to determine whether that officer has erred in issuing any order or interpretation of the zoning ordinances or regulations. In this role the board acts in a quasi-judicial capacity, Lawrence v. Z.B.A., 158 Conn. 509 (1969), p. 514. As a result, the board is endowed with a liberal discretion, and its decision is subject to judicial reversal only if it is unreasonable, arbitrary, or illegal, Connecticut Sand and Stone Corp. v. Z.B.A., 150 Conn. 439
(1963), p. 442.
It is the duty of the board to decide, within prescribed limits, the application of the zoning ordinances and regulations to the particular facts of the case before it, Lawrence v. Z.B.A., supra, p. 513. In the instant case, the board's duty was to interpret the local zoning provisions which regulate activities in the C-1 zone to determine whether or not the plaintiffs' use of their land constituted an expansion of a nonconforming use in that zone. The formal reason given by the ZBA for denying the appeal was an absence of hardship.
Where an administrative agency formally states the reasons for its decision, the court cannot go behind that official statement to attempt to search out other reasons which might justify the agency's action, DeMaria v. P.Z. C., 159 Conn. 534 (1970), p. 541. Both sides conceded at oral argument that the presence or absence of hardship has no place in a determination as to whether CT Page 8661 the plaintiffs' use of the property was a nonconforming one or not. Thus, the decision of the ZBA for the reason stated cannot stand.
The appeal is sustained.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court