[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Lukas and Georgia Konandreas, bring this appeal from a decision of the defendant, the Planning Board of the City of Stamford, modifying and approving with conditions their subdivision application.
The plaintiffs allege that they are the owners of property containing 15.2 acres of land with improvements, located on Hunting Ridge Road in Stamford, in the RA-1 one acre residential zone. (Appeal, ¶¶ 1 and 2). They allege that on or about August 29, 1997, they filed a subdivision application with the defendant, the Planning Board of the City of Stamford ("Planning Board"), proposing to divide the subject property into twelve (12) lots, an open area, and a road to be called "Konandreas Drive." (Return of Record [ROR], Item 5: Application of Subdivision of Property; Item 6: Letter to Board dated Aug. 22, 1997; Appeal ¶ 5). The plaintiffs allege that the Planning Board "previously approved two subdivision applications for the same property in 1996 and early 1997 which were never implemented CT Page 11773 because the approved maps were not signed and recorded within the statutory time limits." (Appeal, ¶ 18).
The plaintiffs allege that the Environmental Protection Board ("EPB") reviewed and approved the subdivision application, and made a report to that affect to the Planning Board. (ROR, Item 16: Agenda Summary Report of the EPB dated Oct. 12, 1997, with attachments; Item 19: Minutes from EPB dated Oct. 16, 1997; Item 21: Letter from EPB dated Oct. 20, 1997; Appeal, ¶ 6).
On November 25, 1997, after a public hearing on November 20, 1997, the Planning Board approved the plaintiffs' subdivision application subject to conditions. (ROR, Item 30: Transcript of Public Hearing; Item 31: Planning Board Certificate of Approval; Item 32: Letter of Approval; Item 33: Minutes of Planning Board Special Meeting; Item 34: Legal Notice of Approval; Appeal ¶¶ 8, 9 and 10). The Planning Board approved as modified "eleven (11) lots with portions of Parcel 12 being consolidated with Parcels 1, 2 and 11." (ROR, Item 31; Appeal ¶ 11). The Planning Board then stipulated seventeen (17) conditions upon approval of the plaintiffs' subdivision application. (ROR, Item 31: Appeal ¶¶ 12-17).
The plaintiffs allege that "they will sustain financial losses by the elimination of a valuable building lot as a result of the condition requiring relocation of the road imposed by the Board, and will sustain significant financial expenses from the other conditions imposed on the subdivision." (Appeal, ¶ 19). The plaintiffs allege that "[i]n modifying and approving the subdivision with conditions, the defendant Planning Board acted illegally, arbitrarily and in abuse of its discretion." (Appeal, ¶ 20).
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board to the Superior Court. In order to take advantage of a statutory right of appeal, the parties must comply strictly with the statutory provisions that create such a right. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 283, 487 A.2d 559 (1985).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The plaintiffs allege that they are the owners of the property involved in the subdivision CT Page 11774 application. (Appeal, ¶ 1). At a hearing held by this court on April 8, 1999, the plaintiffs were found to be aggrieved persons pursuant to General Statutes § 8-8(a)(1), in that they are the owners of the subject property involved in the subdivision application. At the hearing, the plaintiffs offered into evidence the deed for their land. (Plaintiffs' Exhibit 1). Therefore, this court finds that the plaintiffs are aggrieved and, as such, have standing to maintain this appeal.
General Statutes § 8-8(b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or the clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
Notice of the application's approval, as modified, was published in the Advocate, a newspaper with circulation in the City of Stamford, on November 28, 1997. (ROR, Item 34: Legal Notice of the Board's Decision; Appeal, ¶ 10). Service of process was made on the town and city clerk and the chairman of the Planning Board of the City of Stamford on December 10, 1997. This court finds that this appeal was commenced in a timely fashion by service of process upon the proper parties.
The limited scope of review in subdivision appeals is well settled. "A planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity. . . . The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . if it does not conform as required, the plan may be disapproved." (Citations omitted; internal quotation marks omitted.) Reed v. Planning Zoning Commission, 208 Conn. 431, 433, 544 A.2d 1213 (1988). The commission is entrusted with the function of interpreting and applying its zoning regulations. Toffolon v. Zoning Board ofAppeals, 155 Conn. 558, 560, 236 A.2d 96 (1967); Krawski v.Planning Zoning Commission, 21 Conn. App. 667, 670-71,575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990). CT Page 11775
"The trial court [has] to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts." Pascale v. Board of Zoning Appeals,150 Conn. 113, 117, 186 A.2d 377 (1962). The plaintiffs have the burden of showing that the commission acted improperly. Adolphsonv. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988). "The trial court can sustain the [plaintiffs] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal. . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised." (Brackets in original; citations omitted; internal quotation marks omitted.) GormanConstruction Co. v. Planning Zoning Commission,35 Conn. App. 191, 194-95, 644 A.2d 964 (1994).
Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them.DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541,271 A.2d 105 (1970). "It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." Id. The commission's action should be sustained if even one of the stated reasons is sufficient to support it. Property Group Inc. v. Planning Zoning Commission,226 Conn. 684, 697, 628 A.2d 1277 (1993).
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Internal quotation marks omitted.) Property Group Inc v. Planning Zoning Commission, supra, 226 Conn. 697.
Here, the Board voted unanimously to approve the subdivision application as modified and with certain conditions. (ROR, Items 31, 32, 33 and 34). The issues before this court are (1) whether the Planning Board is authorized to attach conditions to a subdivision application's approval; and (2) whether there is evidence in the record before the agency for the modification of the plaintiffs' application. CT Page 11776
The plaintiffs argue that the Planning Board exceeded its statutory authority under both the Stamford Charter and the General Statutes. They argue that "some of the conditions attached to the plaintiffs' subdivision have no support in § C6-30-14 of the [Stamford] Charter. This makes them illegal and void." "A planning commission has limited authority in attaching conditions to approval of a subdivision. Conditions are allowed if they amount to a modification and approval of the application under section 8-26 of the General Statutes, namely imposing conditions required by the subdivision statutes and regulations. . . . With subdivisions, it is the nature of the underlying action taken by the planning commission which determines whether it is a modification and approval with conditions based on the regulations which is legal, or a conditional approval which is not an authorized action under section 8-26 of the General Statutes." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 21.14, p. 397.
The plaintiffs first argue that the Planning Board exceeded its authority by relocating the proposed subdivision road. However, this court finds that the relocation of the subdivision road amounts to a modification of the subdivision. If a proposed subdivision application does not comply with the subdivision regulations, the Planning Board may modify the plan to assure compliance with the regulations. See General Statutes § 8-26; Stamford Charter § C6-30-15; Moskowitz v. Planning and ZoningCommission, 16 Conn. App. 303, 308, 547 A.2d 569 (1988). The issue for this court to decide is whether there is adequate evidence in the record to support this modification.
The Planning Board approved the plaintiffs' subdivision application "as modified as shown on a map dated revised November 20, 1997." The modification included the relocation of the subdivision road so that the new road would intersect with Hunting Ridge Road at Wildwood Road. The Planning Board relocated the subdivision road because it was concerned with the traffic safety. Section 5 of the Stamford Subdivision Regulations authorizes such a modification. (Plaintiffs' Exhibit 3: Subdivision Regulations of the Planning Board of the City of Stamford).
Furthermore, there is ample evidence in the record to support this modification. The transportation planner, in a memorandum to CT Page 11777 the Planning Board, dated September 15, 1997, indicated that "Konandreas Drive should have a centerline point of intersection with Wildwood Road on Hunting Ridge Road, or else the centerline of Konandreas Drive and Wildwood Road should be separated by a minimum of 200 feet. The current proposed placement of Konandreas Drive presents potential sight line problems with the intersection of Wildwood Road." (ROR, Exhibit 13: Memorandum from Transportation Planner, dated Sept. 15, 1997).
The Planning Board, in approving the plaintiffs' application, indicated that it "reviewed traffic safety and related street layout concerns. Mr. Rich stated that he was concerned over the proposed location of the new road. He felt that it would create a dangerous intersection given the sight line limitations to the north and the off-set with the Wildwood Road intersection. Mr. Parson agreed that the new road should be aligned with Wildwood Road. Mr. Stein showed a revised layout which staff felt would provide greater traffic safety than the [applicants'] proposal." (ROR, Item 33: Minutes of Planning Board Special Meeting dated Nov. 25, 1997, p. 2).
At the public hearing, many neighbors expressed their concern about creating the new road as proposed by the applicants. (ROR, Item 30: Verbatim Transcript of the Public Hearing dated Nov. 20, 1997, pp. 75-77). Also at the hearing, Mr. Leonard D'Andrea, a professional engineer who provided engineering and surveying services for the applicants, conceded that the sight lines at that intersection "are not very good . . . [because] Hunting Ridge Road is in a curve. Wildwood Road is on part of that curve or below the vertex of the center of the curve, and when you look to the right coming up to Hunting Ridge Road you have a very restricted sight line and if you would look to the left it's not that much better." (ROR, Item 30, pp. 17-20).
Concerned with traffic safety, the Planning Board modified the application by relocating the new road. This court finds that there is ample evidence in the record for this modification. By relocating the road, the Planning Board complied with its subdivision regulations. As such, the plaintiffs' appeal cannot be sustained on this ground.
The plaintiffs' also argue that "[t]here is no sound reason in the record why the board should have refused to approve the proposed road name of Konandreas Drive on the subdivision map. " However, that is not the case. In fact, the Planning Board did
CT Page 11778 approve the street name proposed by the plaintiffs. (ROR, Item 31: Planning Board Certificate of Approval dated Nov. 25, 1997; Item 32: Letter of Approval to Leonard D'Andrea dated Nov. 25, 1997; Item 33: Minutes of Planning Board Special Meeting dated Nov. 25, 1997). The Planning Board merely indicated that the proposed street name "may require a waiver by the Board of Representatives of Section 21-3 of the Stamford Code (Ordinance No. 765)." (Emphasis added.) (ROR, Items 31, 32, 33 and 34). As such, the appeal cannot be sustained on this ground.
The plaintiffs also argue that the Planning Board acted illegally, arbitrarily and in abuse of its discretion when it imposed conditions seven through ten. However, none of these conditions were objected to by the plaintiffs at the public hearing, and as such, are not appealable to the Superior Court. In fact, the plaintiffs' attorney at the public hearing acquiesced to the conditions. At the public hearing, there was minimal discussion about whether the Environmental Protection Board ("EPB") needed to make a final review of the property. (See ROR, Item 30: Verbatim Transcript of Public Hearing dated Nov. 20, 1997, pp. 9-15).
The plaintiffs argue that condition #7, that the final streetscape plans be subject to review of the EPB, is an unlawful condition because a planning board cannot impose conditions on approval of a subdivision application which are controlled by another agency. See Carpenter v. Planning and Zoning Commission,176 Conn. 581, 409 A.2d 1029 (1979). However, the plaintiffs' attorney acquiesced to a "staff review" by the EPB. (ROR, Item 30, p. 15). Such a condition is not illegal since it does not mandate approval by another agency.
Furthermore, the plaintiffs' attorney at the hearing did not object to any of the other conditions. "None of the other conditions are problematic at all. We think they're appropriate and fair and we don't have a problem with them." (ROR, Item 30, pp. 14-15). "A planning commission and the applicant can agree on design conditions not in the regulations which make the development compatible with surrounding uses." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 21.14, p. 427, citing Carlson v. Fisher, 18 Conn. App. 488,558 A.2d 1029 (1989). "A party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted before the board." Dragan v.Connecticut Medical Examining Board, 223 Conn. 618, 632, CT Page 11779613 A.2d 739 (1992). The plaintiffs' attorney had a full and fair opportunity to object to conditions seven through ten at the hearing before the planning board. However, he failed to do so. In fact, he acquiesced to those conditions which the plaintiffs' new attorney now challenges. Because those conditions were waived by the plaintiffs' attorney at the hearing before the Planning Board, the plaintiffs' appeal cannot be sustained on this ground.
This court finds that the Planning Board did not act illegally, arbitrarily or in abuse of its discretion when it approved, as modified and with conditions, the plaintiffs' subdivision application. Furthermore, the appeal should not be sustained on any of the grounds set forth by the plaintiffs. As such, the plaintiffs' appeal is hereby dismissed.
Mintz, J.