## Connecticut Fund for the Environment, Inc., et al. *v.* City of Stamford et al.
### (11258)

Peters, Healey, Parskey, Shea and Grillo, Js.

Argued December 7, 1983—decision released February 14, 1984

*Janet P. Brooks,* with whom, on the brief, was *Daniel Millstone,* for the appellants (plaintiff Better Neighborhood Association et al.).

*Edward J. Frattaroli,* assistant corporation counsel, with whom, on the brief, was *P. Benedict Fraser,* corporation counsel, for the appellees (named defendant et al.).

*Gordon R. Paterson,* with whom, on the brief, was *Elinor J. Paterson,* for the appellee (defendant Robert Martin Company).

*Charles K. Campbell, Jr.,* with whom were *Richard J. Tobin* and, on the brief, *Fredric H. Weisberg,* for the appellee (defendant Standard Brands, Inc.).

PARSKEY, J. On December 8, 1983, this court decided that the judgment of the trial court was legally correct and could not be disturbed. The following is the full opinion of this court.

This case involves an administrative appeal from the action of the Stamford environmental protection board (EPB)[1] approving the application of Standard Brands, Inc., and the Robert Martin Company for the development of a large tract of land in Stamford for use, inter alia, as a regional postal facility. In addition to the named plaintiff, the plaintiffs are the Better Neighborhood Association of Stamford (BNA) and ten individual residents and property owners. Only BNA formally intervened in the proceeding before EPB by filing a verified pleading.[2] The trial court dismissed the appeal as to the named plaintiff for lack of standing due to

---

[1] The Stamford environmental protection board is the city agency responsible for the regulation of activities affecting the wetlands and watercourses in Stamford, pursuant to the Inland Wetlands and Watercourses Act. General Statutes §§ 22a-36 through 22a-45.

[2] General Statutes § 22a-19 permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding for the limited purpose of raising environmental issues. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 490, 400 A.2d 726 (1978).

the failure of that plaintiff to file a verified pleading with EPB. The court dismissed the appeal with respect to the individual plaintiffs for lack of aggrievement. The court dismissed the appeal of BNA on the merits.

BNA complains that at the hearing on the proposed project, EPB excluded certain evidence which it claims the board should have considered because of its environmental nature even though it concedes that such evidence was not related to inland wetlands. BNA assigns error in the trial court's holding that such exclusion was proper.

Although proceedings before administrative agencies such as zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence, the hearings must be conducted so as not to violate the fundamental rules of natural justice. *Pizzola* v. *Planning & Zoning Commission,* 167 Conn. 202, 207, 355 A.2d 21 (1974). Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence. Id.; *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 212–13, 257 A.2d 795 (1969). The narrow question here is whether the evidence offered by BNA was relevant to the EPB inquiry.

The Inland Wetlands and Watercourses Act (act) is contained in General Statutes §§ 22a-36 through 22a-45, inclusive. Under the act the commissioner of environmental protection (commissioner) is charged with the responsibility of protecting inland wetlands and watercourses by, inter alia, regulating activity which might have an adverse environmental impact on such natural resources. Under §§ 22a-42 and 22a-42a, any municipality, acting through its legislative body,

may authorize or create a board or commission to regulate activities affecting the wetlands and watercourses located within its territorial limits and any such board or commission is authorized to grant, deny or limit any permit for a regulated activity. The commissioner is charged with the duty of licensing regulated activity in the event of a failure of a municipality to exercise its regulatory authority.

The municipal inland wetland agency is authorized to establish the boundaries of inland wetlands and watercourse areas within its jurisdiction. Once such boundaries are established pursuant to procedures set forth in § 22a-42a, no regulated activity shall be conducted within such boundaries without a permit issued by the local agency.

It is apparent from the foregoing that local inland wetland bodies are not little environmental protection agencies. Their environmental authority is limited to the wetland and watercourse area that is subject to their jurisdiction. They have no authority to regulate any activity that is situated outside their jurisdictional limits. Although in considering an application for a permit to engage in any regulated activity a local inland wetland agency must, under § 22a-41, take into account the environmental impact of the proposed project, it is the impact on the regulated area that is pertinent, not the environmental impact in general.

Section 22a-19, which authorizes any person to intervene in any administrative proceeding and to raise therein environmental issues must be read in connection with the legislation which defines the authority of the particular administrative agency. Section 22a-19 is not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues. Thus, an inland wetland agency is limited to considering only environmental matters which impact on inland wetlands. Other environmental impacts must be raised before other

appropriate administrative bodies, if any, or in their absence by the institution of an independent action pursuant to § 22a-16. In this case, for example, it is suggested that questions involving air and noise pollution and environmental problems created by increased traffic could have and should have been raised by BNA before the Stamford planning board. Whether such is the case we need not decide in this proceeding. It is sufficient for our purposes to observe that such general environmental matters were not relevant to the proceedings before EPB and therefore its refusal to entertain comment or evidence of a noninland wetland nature was appropriate.

BNA's additional claim that EPB failed to insist on a detailed site plan as required by its regulations is without merit. Section 5.8 of the EPB regulations provides that the EPB may insist on such a site plan if it finds that the activity applied for does or may involve a significant or major effect on the inland wetland or watercourse. There being no finding and no claim that anything in the record would support a finding that the construction of the proposed facility might have a significant or major effect on the regulated area, EPB was not required to request a detailed site plan.

BNA's remaining claims do not require discussion. As for the individual plaintiffs, since their assignments of error track those of BNA, our consideration of their additional claim that the trial court's finding that none of them is aggrieved[3] is clearly erroneous would be fruitless.

There is no error.

In this opinion the other judges concurred.

---

[3] A person who is aggrieved by the decision of an administrative agency may, on appeal to the court, raise any issue relevant to the question whether the agency has acted illegally. See *Hotchkiss Grove Assn., Inc.* v. *Water Resources Commission,* 161 Conn. 50, 56, 282 A.2d 890 (1971). Nothing we say here is to the contrary.