[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant, Environmental Protection Board of the City of Stamford [Board], to issue a permit to Transcon Builders, Inc. [Transcon] for the construction of a 120 bed nursing home facility within regulated wetlands and known flood plain areas. Plaintiffs, Linda Peters, John Peters, Paul Ferrara and Janet Ferrara assert that their appeal is taken pursuant to Connecticut General Statutes 22a-43.
The subject property is located at 947 Stillwater Road, Stamford, Connecticut and consists of approximately 4.75 acres. The property lies within a R-20 zone, which allows for nursing homes by way of a special exception. The site consists of a single family residence and is used as a working farm and produce market known as Hettling's Farm. (Return of Record [RR] #111, Criteria for Decision and Findings of EPB, March 6, 1989.) The site is bounded by the Rippowam River and is characterized by upland slopes, regulated soils, and broad flood plain areas (RR #111 at 7). The wetland soils occupy approximately 53% or 110,250 out of 207,214 square feet of the site.
On or about November 29, 1988, Application No. 8843 was filed by Transcon for a permit to conduct a regulated activity within an inland wetland or watercourse. (RR #2, Application 8843 dated November 29, 1988). The application was to permit construction of a 120 bed nursing home and appurtenant structures. On December 15, 1988, the Board voted to accept application No. 8843. (RR #35, Minutes of December 15, 1988 meeting). On January 26, 1989, the Board determine that the proposed construction may have a significant impact upon the regulated area and issued a plenary ruling, requested additional information and scheduled a public hearing for February 16, 1989. (RR #61, Minutes of January 26, 1989 meeting).
Alternative site plans were proposed. (RR #56 letter from Terrance Gallagher dated January 26, 1989). Notice of the public hearing scheduled for February 15, 1989 regarding Transcon's Application No. 8843 was published in the Stamford Advocate on February 3, 1989 and February 13, 1989. (RR #70, copy of First Notice of Publication February 3, 1989 and #79 Public Notice published February 13, 1989).
Notice of Transcon Builders Environmental Protection CT Page 1817 Board Application hearing on February 16, 1989 was sent to property owners within 500 feet and 1000 feet up and downstream by certified mail, return receipt on February 1, 1989. (RR #70). Additional people interested in the application were notified by regular mail on February 1, 1989. (RR #70).
On February 16, 1989, the public hearing was conducted and extensive testimony was presented in support and opposition to Application No. 8843. The public hearing was continued to February 23, 1989 to allow the applicant the opportunity to provide additional plans and supporting documentation. (RR #111, pg, 7).
The Environmental Protection Board staff issued a document entitled "Criteria for Decision and Findings" dated March 16, 1989 detailing the material presented, (RR #111). The document outlined two options for the Board's consideration. The options were to deny the application based on certain findings or to approve the application with twenty-three conditions. (RR #111 pp. 40-45.) At an executive meeting on March 16, 1989, the application was approved by a vote of 2 in favor, 1 in opposition and 1 abstention. (Supplemental RR dated August 7, 1989, Minutes of March 16, 1989 Meeting). Notice of the Board's conditioned approval of Transcon's application No. 8843 was published in the Stamford Advocate on March 21, 1989. (RR #115). It is from this decision that the instant appeal arises.
Appeals from the Environmental Protection Board are to be taken pursuant to Connecticut General Statutes 22a-43. This section provides that:
 any person aggrieved by any . . . decision or action made pursuant to 22a-36 to 22a-45, . . . or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any . . . decision or action made pursuant to said sections may within fifteen days after publication of such. . . . decision. . . . appeal to the Superior Court
Conn. Gen. Stat. 22a-43 (Rev'd to 1989).
Plaintiffs placed certified copies of warranty deeds into evidence and presented testimony by witnesses John Peters, Linda Peters a/k/a Linda Wilde and Paul Ferrara as evidence of plaintiffs' ownership of abutting property. Plaintiffs and defendants also stipulated that a fourth witness Janet Ferrara is the spouse of Paul Ferrara and that the facts in the certified copy of the Ferrara warranty deed apply to Janet Ferrara. Based on the evidence and testimony, the court CT Page 1818 finds that John Peters, Linda Peters, Paul Ferrara and Janet Ferrara are abutting property owners and are authorized to this action.
Plaintiffs argue that the Board lacked jurisdiction. Plaintiffs argue that the published notice did not indicate the owner, size, common address, legal description, or intersecting streets in the vicinity of the subject property and was therefore inadequate public notice of the public hearing.
The Board's notice states:
 ENVIRONMENTAL PROTECTION BOARD Notice of Public Hearing Application #8843 TRANSCON BUILDERS, INC. Stillwater Road
The Stamford Environmental Protection Board, in accordance with Section 5.9 of its Inland Wetlands and Watercourses Regulations will hold a public hearing to consider information relevant to Application #8843. Transcon Builders, Inc, for activities on Stillwater Road. Activities include construction of a 120-bed nursing home, parking, service road, walking trail, drainage, structures, landscaping and grading within regulated soils and known floodplain areas; and discharge of stormwater runoff to the Rippowam River.
The hearing will be held on Thursday, February 16, 1989 at 7:30 p. m. in the cafeteria at the Stamford Government Center, 4th Floor, 888 Washington Boulevard. The application is on file and open for public inspection in the Environmental Protection Board office on the 7th floor of the Stamford Government Center. Signed, written information relative to this matter should be submitted on or before 4:00 p. m. on February 16, or may be presented in person at the hearing.
All persons are invited to attend and be heard.
Attest David M. Emerson, CT Page 1819 Executive Director January 27, 1989
Conn. Gen. Stat. 22a-42a(c) in pertinent part provides that:
 Notice of the hearing shall be published at least twice at intervals of not less than two days, the first not more than fifteen days and not fewer than ten days, and the last not less than two days before the date set for the hearing in a newspaper having a general circulation in each town where the affected wetland and watercourse, or any part thereof, is located.
Conn. Gen. Stat. 22a-43a(c) (rev'd to 1989).
No pertinent case law was found regarding the adequacy of notice under Conn. Gen. Stat. 22a-42a(c); however, there is case law pertaining to Conn. Gen. Stat. 8-3 which has a similar notice requirement.
"The law is clear that failure to give proper notice of a hearing constitutes a jurisdictional defect, results in a lack of due process and renders the action of the commission granting the zone change null and void." Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41, 44 (1972). "`Due process of law requires . . . that there be due notice of the hearing . . . ."' Huck v. Inland Wetlands and Watercourses Agency,203 Conn. 525, 536 (1987) quoting Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 249 (1984).
 Adequate notice `will enable parties having an interest to know what is projected and, thus, have an opportunity to protest.' (citation omitted) [T]he purpose behind the notice requirement of 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing. (citations omitted). What is required is not actual notice, but, rather, constructive notice.
Jarvis Acres, Inc., 163 Conn. 47 (1972).
 [N]otice will be deemed sufficient as to the location of the property which CT Page 1820 is the subject of the notice when the notice describes the property by metes and bounds or by a specific address or when the notice makes reference to nearby streets and street intersections.
Szachna v. Zoning and Planning Commission, Conn. Law Trib. Vol. 5 No. 37, pp. 18, 20 (Super.Ct., August 21, 1979, Hendel, J.).
The Board's notice of the public hearing failed to describe the subject property by metes and bounds, a specific address or by making reference to any nearby streets or intersections. Because the Board did not sufficiently describe the location of its property in its notice, the actual publication content did not satisfy jurisdictional, statutory notice requirements.
The arguments made by the defendants resolve themselves into claims that there was actual notice on the part of the plaintiffs and that better notice by mail was sent to them and certain other interested parties, that the actual location of the site on which a permit had been sought had become notorious because of controversy and news coverage concerning the proposal for that site. This court is not persuaded. Section 22a-42a(c)'s provision for newspaper notice of the hearing is a mandatory statutory requirement which must be satisfied before jurisdiction is vested in the Board to take action regarding an application before it. By necessary implication that same statute requires that a street address or number or reference to intersecting street bounds, or legal description be set out in the notice. Reference only to a street name in a legal notice for a premises which is located on a street two and one half miles long did not suffice to apprise all persons who might be aggrieved of the hearing date and opportunity to be heard on the application in the way 22a-42a(c) of the statute requires. This is particularly true in this case where the applicant is not the owner, and the landowner was never mentioned in the notice.
For all of these reasons, the appeal is sustained.
FLYNN, J.