[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this appeal from the denial by the defendant Commission of its application to conduct a regulated activity premises located on the west side of Silas Deane Highway in Rocky Hill.
On February 20, 1990 the plaintiff filed an application with the defendant Commission to conduct a regulated activity on its premises in connection with its proposal to construct a retail shopping center. On April 25, 1990, the defendants Apple Grove and Lexington Estates filed a Notice of Intervention pursuant to Section 22a-19a of the General Statutes and thereby became parties to the proceeding. The defendant commission held a hearing on the application on April 25, 1990 and May 9, 1990. On July 11, 1990, the defendant Commission met and denied the plaintiff's application, and notified the plaintiff of its action and the reasons. Thereafter, this appeal followed.
At the hearing, the plaintiff made a presentation through its attorney, who introduced several expert witnesses, including a soil scientist, a civil engineer and an environmental specialist. The intervenors offered rebutting testimony from another environmental specialist. The wetlands and watercourses that were located on the site appeared to be a brook, proposed to be crossed by a bridge to provide access to the site from Silas Deane Highway, and three intermittent watercourses, one of which appears to contain a poorly drained soil.
The evidence offered by the plaintiff showed the building location, parking field, access to Silas Deane Highway and the areas of the three intermittent waterways. The plaintiff proposed to provide for piping of the water produced in the intermittent waterways to Valley Brook. A portion of such intermittent watercourses would be paved. The plaintiff proposed to replicate any loss of wetlands by the creation of other areas of wetlands, by way of compensation. See Red Hill Coalition Inc. v. Conservation Commission, 212 Conn. 710, 722.
The court held a hearing on the appeal on January 20, 1992. The court heard testimony from a partner in the CT Page 8366 plaintiff and finds that the plaintiff, as owner of the premises in question, is aggrieved. Bossert Corporation v. Norwalk, 157 Conn. 279; Huck v. Inland Wetlands 
Watercourses Agency, 203 Conn. 525, 530. Such appeal is taken pursuant to C.G.S. Section 22a-43 (s) and is in accordance with C.G.S. Section 4-183.
In ruling on the plaintiff's application, the defendant Commission gave the following reasons:
1. Section 8.2.a of the Rocky Hill Inland Wetlands and Watercourses Regulations — including the adverse environmental impacts to wildlife that the proposal would cause.
2. Section 8.2.b — Prudent and feasible alternatives were not adequately addressed. Alternatives which might enhance the environmental quality or have a less detrimental effect were not adequately looked at.
3. Section 8.2.d — The irreversible and irretrievable commitments which would be involved in the proposed activity. Changing the use from wetlands to blacktop would cause irreversible damage to occur.
4. Section 8.2.f — The unsuitability of such activity to the area which is proposed; that the activity is not consistent with plans for development proposed for the Town with the need to protect the environment and ecology for the people.
Scope of Review
"Appellate review of an agency's decision is of limited scope. The reviewing court does not make a broad, de novo review of the record." Kaeser v. Conservation Commission, 20 Conn. App. 309, 311, 567 A.2d 383 (1989) (citing Huck, supra, 541). "It does not redetermine factual issues or weigh the credibility of witnesses, as those are matters within the exclusive province of the agency." Id. (citation omitted). "The court is limited to a review of the evidence and reasoning the agency has placed on the record. Agency decisions must be sustained if the record reveals substantial evidence in support of any reason given." Id. (citation omitted); Huck, supra, 540-42 (discussing substantial evidence rule). A trial court may grant relief on appeal from an administrative agency only where the local authority's decision "is arbitrary, illegal or not reasonably supported by the evidence." Red Hill Coalition, Inc. v. Conservation Commission, 213 Conn. 710, 718, 563 A.2d 1339
CT Page 8367 (1989) (citations omitted). See also General Statutes4-183(j), (k) (Rev. to 1989, as amended by Conn. Pub. Acts No. 88-317 (1988), effective July 1, 1989)). "The Agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." Huck, supra, 539-40.
The plaintiff has the burden of proof in challenging the administrative action. Red Hill Coalition, supra, 718. Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar,204 Conn. 4, 16, 526 A.2d 1311 (1987); cert. denied, 484 U.S. 955; Curry v. Planning Zoning Commission, 34 Conn. Sup. 52,54, 376 A.2d 79 (C.P. 1977).
Under C.G.S. Section 22a-41, the Commission is required to consider the following factors: General Statutes 22-42a (Rev. to 1989, as amended).
(1) The environmental impact of the proposed action;
(2) The alternatives to the proposed action;
(3) The relationship between short-term uses of the environment and the maintenance and enhancement of long-term productivity;
(4) Irreversible and irretrievable commitments of resources which would be involved in the proposed activity;
(5) The character and degree of injury to, or interference with, safety, health, or the reasonable use of property which is caused or threatened; and
(6) The suitability or unsuitability of such activity to the area for which it is proposed.
The Commission is not required to make a finding on each such consideration; rather, it is obligated to "balance" such factors in reaching its decision. Red Hill Coalition, supra p. 719.
After consideration of all of the above factors the Commission may not issue a permit unless the Commission finds that a feasible and prudent alternative does not exist. Cf. Manchester Environmental Coalition v. Stockton, 184 Conn. 51,73.
A review of the Commission's regulations indicates that they track the considerations of Sections 22a-41 supra CT Page 8368 except that 8.2.f requires consideration of whether "the activity is consistent with plans for development for the town, region and state . . ."
Addressing the issue as to support for the reasons in the record, and the pertinence of the considerations to the regulations, the court finds as follows:
(a) As to 8.2.a, adverse environmental impacts to wildlife, the court finds no substantial evidence. Evidence was offered by the intervenors as to the potential impact on the uplands but not as to any wetland or watercourse. "[L]ocal inland wetland bodies are not little environmental agencies . . . they have no authority to regulate any activity outside their jurisdictional limits." Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247-250. ". . . it is the impact on the regulated area that is pertinent not the environmental impact in general." Ibid.
(b) As to Section 8.2.b, — Prudent and reasonable alternatives were not adequately addressed. The record of the meeting indicates that the Commission considers such category to include other land use proposals as alternatives. Such considerations are in the province of the zoning commission of the town pursuant to Section C.G.S. Section 8-2. The Commission properly raised the issue as to whether the replication areas were appropriate alternatives.
(c) As to Section 8.2.d _ "The irreversible and irretrievable commitments . . . . "This reason omits the word "resources". The reason further states that "changing the use from wetlands to blacktop would cause irreversible damage to occur." As noted supra the Commission is obligated to "balance" all of the factors to be considered under the statute. Such a statement as set forth in this reasons with no irreducible minimum, would violate the aforesaid mandate.
(d) The unsuitability of such activity for the area for which it is proposed. The Commission cites this subsection on the premise that the proposed "activity is not consistent with the plans for development proposed for the town." Again, there is no support in the record. The premises are admittedly zoned for the proposed use. Accordingly, such proposed use is in accordance with the comprehensive plan of zoning. CT Page 8369 See C.G.S. Section 8-2. The plaintiff filed a copy of the Town Plan of Development (C.G.S. Section 8-2
with the court at the aforesaid hearing. Neither the plan nor the zoning regulations was included in the record. The Commission could not have considered them.
The court finds that the record is not sufficient to determine which facts the Commission considered in making its decision.
The case is, therefore, remanded to the Commission with the direction of the court to state its findings of fact in the following issues based upon its review of the record as filed in court.
a. The identification and extent of the inland wetlands and watercourses on the subject property it claims to be within its jurisdiction.
b. The determination of the functions, if any, of any such wetlands and/or watercourses.
c. The extent to which any such function would be affected by the proposed activity.
d. The extent to which the alternative proposals of the plaintiff, i.e., by way of replication, and/or other treatment would compensate for such effect. See Huck. supra 525, 530; Red Hill Coalition, supra.
e. Whether there exists any feasible and prudent alternatives to either:
(a) The proposed activity itself.
(b) The mitigation activities as proposed.
Burns, J.