[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff in the above entitled matter, Elm Street Builders, Inc. is a Connecticut Corporation engaged in the business of real property development and the construction of single family residence structures. The plaintiff acquired fourteen lots in a previously approved fifteen lot subdivision located at Sabrina Drive in the town of Bethany. One of those lots, lot 15, is the subject matter of the instant appeal. Lot 15 is located on the northerly street line of Sabrina Drive, is generally rectangular in shape, has approximately 380 front feet on Sabrina Drive and a depth of approximately 330 feet. The lot contains 128,899 square feet.
A significant band of wetland soil exists on the lot as shown on the approved plan forming a part of the record. However, the plaintiff's plan to develop lot 15 did not require the use of any of the wetland area nor did it call for development within the 50 foot setback area provided for in the Bethany Wetland Commission Regulations.
The plaintiff applied to the Bethany Inland Wetland Commission for a permit. The permit was granted containing nine enumerated conditions. Seven of the conditions were objected to by the plaintiff.
Four of those conditions were specially drafted for application to the lot in question. The four specific conditions may be enumerated as follows:
A) condition 2, the requirement of installing an anti-tracking pad;
B) condition 3, the requirement of installing a paved driveway;
C) condition 4, the requirement of cleaning "earth products and other debris" from Sabrina Drive "prior to the end of the work day";.
D) condition 7, the requirement that the fuel oil tank for the CT Page 9638 house, located in the basement of the house, have a "110% containment berm or equivalent."
The Bethany Wetlands Commission has also recorded a set of standard conditions on the Bethany land records. At the time of granting permits it appears to chose from among the standard conditions those conditions which in its opinion apply to a particular regulated activity. In the case before the court, the commission mandated the following standard conditions:
6) a total cessation of all work until any permit violation is addressed and corrected;
7) a blanket easement or license allowing access by the commission over the land in perpetuity and;
8) a cash bond requirement tied to the successful completion of specific conditions A and B.
DISCUSSION
At the outset it should be noted that 9.1 of the Bethany Inland Wetland Regulations make a public hearing discretionary with the commission on "applications which do not involve significant activities". Apparently, the Bethany Inland Wetlands Commission felt that no significant activity was involved in the instant matter because no public hearing was held. While the court is not critical of the failure to hold a public hearing, the absence of a public hearing has produced a situation where the only significant evidence in the record is the testimony of the applicant and its experts. The town has left the court very little to examine in support of the town's position. Largely, the commission appears to have been attempting to rely on its own knowledge and familiarity with the location in imposing conditions upon the developer. Commissions must be mindful of the Supreme Court holding in Feinson v. Newtown, 180 Conn. 421 (1980) in which the court held:
 ". . . if an administrative agency chooses to rely on its own judgment, it has a responsibility to reveal publicly its special knowledge and experience, to give notice of the material facts that are critical to its decision, so that a person adversely affected thereby has an opportunity for rebuttal at an CT Page 9639 appropriate stage in the administrative proceedings."
Feinson at 429.
In Feinson the administrative agency involved had denied wetlands permit and the trial court had ordered the issuance of the permit. The Supreme Court further held:
 ". . . because it does not appear as a matter of law that there is only one single conclusion that the commission could reasonably reach, a direct order to the commission is legally] unwarranted."
In a similar vein the Appellate Court has held in Milardo v. Haddam, 27 Conn. App. 214 (1992).
 "Here, the record contains no evidence to indicate whether there are any foreseeable alternatives to the plaintiff's proposal."
In the case before the court, the court is faced with granted permit and contested conditions. The more usual situation appears to be the denial of the permit. The court is unable to find any authority for the standard to be applied if conditions are stricken but a permit is left in place. Arguably it would appear that if the court is going to strike the conditions imposed by the local agency, it should remand the matter for the agency to reconsider other less restrictive conditions. The court is also aware of the practical consideration that the applicant may prefer a granted permit with some of the objectionable conditions to a remand which starts the entire process over. In examining the question of a remand it appears to the court that the Bethany Commission has imposed two distinctly different types of conditions. Conditions 2, 3, 4 and arguably condition 7 are directly related to the protection or attempts to protect the wetland. The standard conditions numbered 6, 7 and 8 are administrative in nature and are in fact more in the nature of regulations than they are conditions.
The court finds nothing in the administrative record which justifies the imposition of standard condition 6 a total cessation of all work until a permit violation is addressed and corrected. The court need not rule on whether a somewhat similar provision CT Page 9640 might well be acceptable if adopted as part of the Bethany Inland Wetland regulations. In a similar manner the standard condition 7, a blanket easement for access by the commission, may present a proper subject for general regulation but there is no evidence supporting the grant of such a blanket easement as a special condition in this particular case.
With regard to standard condition 8 the Bethany regulation in 12.1 provides:
 ". . . upon approval of the application and prior to issuance of a permit, the applicant may, at the discretion of the agency, be required to file a bond with such surety in such amount and in a form approved by the agency."
Court is of the opinion that standard condition 8 is not justified by the record. However, the court does not rule on 12.1. Since no action for declaratory judgment is pending, the court is without jurisdiction to rule on the meaning of 12.1 or the authority of the commission to insist that the only surety acceptable to it is cash.
With regard to the specific conditions, although the record is somewhat sparse, the court sustains condition 2, the requirement for the anti-tracking pad, condition 3 the requirement for the installation of the paved driveway, and condition 4 the requirement for cleaning of debris off Sabrina Drive. While the evidence supporting these conditions is far from overwhelming it appears sufficient to support the conditions. In addition, should the court strike these conditions, it would feel compelled to remand the matter to allow the agency to strengthen it's record or to consider other less restrictive conditions.
The court is prepared to strike condition 7, the requirement that the fuel oil tank have "110% containment berm or equivalent." Wetland agencies have been held to have no authority to regulate any activity outside of their jurisdictional limits. They are not little environmental protection agencies and they must stay within the jurisdiction which has been conferred upon them by statute. Connecticut Fund for the Environment, Inc. v. City of Stamford,192 Conn. 247 (1984), Brecciaroli v. Commission of Environmental Protection, 168 Conn. 349 (1975). The court holds that the special conditions pertaining to the oil tank is a matter that is simply outside of the jurisdiction of the Wetlands Commission at least CT Page 9641 when the dwelling in which tank is located is itself outside of the wetlands and buffer zone. In addition, it would appear that any fear concerning leaking fuel oil tanks should properly be addressed by other agencies or state or local building codes.
In conclusion the court affirms the Bethany Inland Wetlands and Watercourse Commission in its issuance of the permit to the plaintiff Elm Street Builders, Inc. The court affirms the imposition of special condition 2, the anti-tracking pad, special condition 3, the paved driveway and special condition 4, the daily cleaning of debris from Sabrina Drive. The court strikes special condition 7, the fuel oil containment berm as exceeding the jurisdiction of the commission. The court strikes standard condition 6 as being unsupported by the record and being more in the nature of a regulation than a condition. The court strikes standard condition 7 for precisely the same reasons that it strikes standard condition 6. The court strikes standard condition 8 because the bond requirement is clearly more a matter of regulation than standard condition. The court recognizes the town's right to require a bond under 12.1 of the regulations and the court expresses no opinion on the right of the town to require that the surety be in the form of cash.
The court by, Kevin E. Booth, Judge