[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Rufino Pabon appeals the decision of the defendant commissioner of social services, which was rendered by a duly appointed fair hearing officer. The decision found the plaintiff ineligible for a three month extension of his General Assistance (GA) benefits. The basis of the decision was that the plaintiff's GA benefits had been suspended during the previous nine months for failure to complete his workfare assignments. The plaintiff appeals pursuant to General Statutes 17-292f and 4-183. The court finds in favor of the plaintiff and remands the case for further proceedings.
The essential facts are undisputed. The plaintiff is a resident of Meriden. He is Hispanic, illiterate in written English and not competent in spoken English. He requires an interpreter in order to communicate effectively in English. From July 1, 1992 to February 2, 1993, the plaintiff received GA benefits provided by the defendant city of Meriden, through its department of social services. The plaintiff was classified as "employable" and was obligated to participate in the workfare program pursuant to 17-273b.
Effective February 2, 1993, the city suspended the plaintiff from the GA program for ninety days for failure to perform his workfare job for the required number of hours during a particular week. The plaintiff did not appeal that suspension, although he was authorized to appeal by 17-292d. Accordingly, he did not receive GA benefits during the ninety day suspension period.
General Statutes 17-273b provides that towns and cities are required to provide GA benefits to eligible employable persons for nine months in a twelve month CT Page 3992 period. The statute further provides that the municipalities may elect to extend the GA benefits for three additional months in a twelve month period for those recipients of benefits who are in compliance with program requirements. The city of Meriden has elected to extend benefits to its eligible GA population.
On May 7, 1993, in this case, the city sent the plaintiff a "Notice of Action" denying him the extension of his GA benefits, effective May 3, 1993. The stated basis for the denial was that the plaintiff had been suspended from the GA program during the prior nine month period of assistance.
On May 19, 1993, pursuant to 17-292d, the plaintiff appealed the denial of the extension of his GA benefits to the city social services official. The city social services department held a hearing, and on May 26, 1993, rendered a decision affirming the denial of the three month extension, again on the basis that the plaintiff was suspended from the GA program during the prior nine months of assistance.
On June 4, 1993, pursuant to 17-292e, the plaintiff appealed the decision of the city hearing officer to the state department of income maintenance, which has subsequently merged into the department of social services. The department held a fair hearing on June 16, 1993, before a hearing officer designated by the defendant commissioner.
At the state department of social services fair hearing, the plaintiff testified and asserted a number of claims. He claimed that he never received notice of the suspension in Spanish and that he did not understand the notice sent to him in English. He did not know, therefore, that he had a right to appeal the suspension. The plaintiff claimed that no one from the city social services department explained the suspension notice to him or told him that he could appeal the suspension. The plaintiff further claimed that the suspension was unjustified in that he had misunderstood the workfare supervisor at the employment site and that he thought that he had completed his required workfare hours for the week. He claimed that he was never given the opportunity CT Page 3993 to make up the hours that he missed because of the misunderstanding. In essence, he claimed that he did not intend to miss any workfare hours and that his failure was not willful.
By decision dated June 21, 1993, the state fair hearing officer affirmed the denial of the three month extension of GA benefits on the sole basis that the plaintiff had been suspended from the GA program during the prior nine months. In his decision, the hearing officer held as follows:
 Regardless of the correctness of this suspension, the appellant was suspended for the three month period and this action was not contested or overturned. . . . It is simply too late to argue about the suspension that the appellant accepted and served, regardless of what led to that suspension. The appellant was suspended during this time period and he subsequently is not eligible for the three month extension.
The plaintiff raises a number of issues in his brief to the court in this appeal. In particular, he contends that the fair hearing officer wrongfully failed to accept and consider evidence that the plaintiff was, in fact, in compliance with workfare requirements prior to the suspension of his GA benefits by the city. He further contends that the hearing officer was required to accept and consider evidence that his failure to perform the workfare job for the required number of hours was not willful and, therefore, not a valid basis for the ninety day suspension. In short, he argues that the state fair hearing officer wrongfully based his decision on the bare fact that the plaintiff's benefits had been suspended by the city, without taking into consideration evidence tending to show that the suspension was imposed erroneously.
General Statutes 17-281a(a) provides that "[a]ny such person who refuses or wilfully fails to report for work or to participate in an educational or training program or substance abuse counseling to which he is assigned by the public welfare official shall be CT Page 3994 ineligible for assistance for ninety days." (Emphasis added.) Policy Manual XIII.F. provides: "The following policy and procedure applies to all 90-day suspensions, i.e., to suspensions that are the result of Workfare and case-management plan infractions. . . .1. An applicant/recipient who refuses or willfully fails to participate shall be denied or suspended from General Assistance financial aid, as appropriate, for 90 calendar days." (Emphasis added.) Policy Manual XIII.F.2. provides definitions of an "overt refusal" or "willful failure" and further provides: "Before sanctioning a recipient for failing to participate in Workfare . . . the local welfare official shall first determine whether such failure was willful, i.e., whether the recipient clearly understood what was expected of him/her and whether the failure to comply was intentional or the result of illness, incapacity or some unforeseen or unavoidable event, e.g., an accident, death in the family, severe weather, etc. The local welfare official shall not sanction a person whose failure was not willful." The Policy Manual is the equivalent of a state regulation and, as such, carries the force of law. General Statutes 17-3f(c); Richards v. Commissioner of Income Maintenance, 214 Conn. 601 (1990).
The clear mandate of the statutes and regulations is that a municipality may not suspend a GA recipient's benefits for failure to complete his workfare assignment unless the failure was a willful failure; that is, the failure was deliberate and intentional.
With respect to the extension of benefits, Policy Manual X.K.8.a. provides that a recipient of GA benefits is ineligible for the three month extension of benefits if he or she "[w]as suspended from Workfare at any time during his/her nine months on assistance." The state fair hearing officer apparently interpreted this provision of the Policy Manual to mean that an unchallenged suspension creates an irrebuttable presumption that the plaintiff was not in compliance with the GA program requirements. Under this interpretation, for a recipient to be found ineligible for an extension, there must only be a finding that the plaintiff had been suspended, regardless of whether the underlying suspension was ever challenged and regardless of whether CT Page 3995 it was properly based upon an overt refusal or wilful failure to report to work. Thus, under this interpretation, even if a suspension was erroneous or improper, if it is not challenged, the extension of the recipient's benefits must be automatically denied.
A fair hearing conducted by the department of social services is a de novo proceeding. General Statutes 17-292e provides that the hearing officer "shall have power to administer oaths and take testimony under oath relative to the matter of the hearing and may subpoena witnesses and require the production of records, papers and documents pertinent to such hearing." The hearing officer "shall render a final decision based upon all the evidence introduced before him and applying all pertinent provisions of law, regulations and departmental policy." (Emphasis added.) General Statutes 17-292f.
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, `must be conducted so as not to violate the fundamental rules of natural justice.'" Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,536 (1987), quoting Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 249 (1984). "`Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence.'" (Emphasis added.) Huck v. Inland Wetlands Watercourses Agency, supra, quoting Connecticut Fund for the Environment, Inc. v. Stamford, supra.
In the present case, the plaintiff presented evidence at the fair hearing concerning the validity of the suspension of his GA benefits during the initial nine month benefit period. This evidence was also relevant to the issue of the three month extension of those benefits, which was the subject of the fair hearing, because the three month extension had been denied solely on the basis of the suspension. Since the hearing officer was required to hear the plaintiff's appeal of the city's decision de novo and was required to render his own decision on the issue, he was likewise required to take into CT Page 3996 consideration all evidence relevant to the city's decision, including evidence tending to show that the suspension was improper. As his decision makes clear, however, the hearing officer refused to consider the plaintiff's evidence on that subject.
General Statutes 4-183 provides that this court must affirm the decision of an administrative agency unless it finds that "substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions . . . or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." In this case, the court finds that the fair hearing officer's refusal to consider the plaintiff's evidence concerning the validity of the previous suspension of his GA benefits constituted an abuse of discretion by the hearing officer and a violation of the plaintiff's due process rights Specifically, the plaintiff was entitled under 17-292e and 17-292f to have that evidence considered by the fair hearing officer as relevant and material to the decision whether the GA benefits should be extended.
The court's findings and conclusions with respect to the evidentiary issue, as set forth above, make it unnecessary to consider the plaintiff's other claims at this time.
The plaintiff's appeal is sustained, and the case is remanded to the department of social services for a new decision by the hearing officer, based on all the evidence in the record, including evidence concerning the validity of the suspension of the plaintiff's GA benefits.
MALONEY, J.