[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
 I
The plaintiff, The Connecticut Post Limited Partnership ("Post"), operates a shopping mall in the town of Milford. Post has taken this appeal, pursuant to General Statutes, §§ 8-8 and22a-19, challenging the actions of the New Haven City Plan Commission and the New Haven Board of Aldermen, in reviewing and approving applications of the defendants, The New Haven Development Commission and Long Wharf Galleria, LLC, submitted in connection with the proposed development of a regional shopping mall on some 59 acres in the Long Wharf section of New Haven.
The defendants Long Wharf Galleria, the City of New Haven, and others, have moved to dismiss for lack of subject matter jurisdiction in that the plaintiff is neither statutorily nor classically aggrieved pursuant to General Statutes, § 8-8 and thus lacks standing to bring an appeal under § 8-8; and lacks standing to initiate an appeal pursuant to § 22a-19. The plaintiff contends that in filing a verified pleading pursuant to § 22a-19 it established aggrievement for purposes of standing to appeal, pursuant to § 8-8, the Board's action in approving the application at issue.
 II
Facts pertinent to resolution of this motion include:
Under § 65. Planned Developments, of the Zoning Ordinance of the City of New Haven("Ordinance"), a developer may apply for CT Page 3153 designation of a project as a Planned Development District; such application was filed in this matter.
Under Ordinance, § 65.D.2. an Application and General Plans shall be filed with the Board of Aldermen and acted upon as a proposed amendment to the Ordinance: "If such Application and General Plans are approved by the Board of Aldermen, following a favorable recommendation by the City Plan Commission and after an advisory report from the Department of Traffic and Parking regarding the traffic impact study [Ordinance, § 65.D.], upon specific findings that each of the Objectives in subsection A above will be met, such approval shall be construed to amend this ordinance insofar (and only insofar) as specific deletions, additions and changes are made which are related to the land and structures in the tract, and the tract shall be designated as a separate Planned Development District provided that the requirements of subsection 65.E below are met."
Pursuant to Ordinance, § 55, the said project required a Coastal Site Plan Review. Ordinance, § 55.D.4. gives the City Plan Commission discretion to hold a public hearing on an application for coastal site plan review. The Commission is required to issue a written report of its findings, recommendations and reasons therefore, to be forwarded, in this instance, to the Board of Aldermen for its action.
The City Plan Commission held a public hearing on the § 65 application and coastal site plan, on April, 14, 1999. The plaintiff appeared at said hearing and filed a "verified petition" seeking to intervene pursuant to General Statutes, §22a-19, alleging that said proposal involved conduct "which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." The plaintiff participated in said hearing but was denied "intervention and party status". Following said hearing, and on the same date, the City Plan Commission voted to adopt a report which recommended approval with conditions of the said application and also set forth findings with regard to the coastal site plan review.
Pursuant to its responsibilities under Ordinance, § 65.D.2. the Board of Aldermen formed an Aldermanic Committee of the Whole which held public hearings on the said proposal on June 10, 17 and 29, 1999. The plaintiff appeared and filed a petition to intervene, pursuant to General Statutes, § 22a-19. The plaintiff CT Page 3154 was denied "intervention and party status" but participated in said hearings, testifying and introducing evidence.
At its regular meeting on August 2, 1999, the Board of Aldermen approved the "Long Wharf Municipal Development Plan" and an amendment to the zoning ordinance "designating a planned development district in the Long Wharf area." Prior to said meeting, the plaintiff had filed another verified petition to intervene, pursuant to General Statutes, § 22a-19, seeking "party status." The Board of Aldermen refused to conduct a public hearing with regard to this intervention and refused to allow the plaintiff to offer expert testimony concerning the allegations of its petition.
This appeal followed, alleging that the City Plan Commission and the Board of Aldermen acted illegally, arbitrarily and in abuse of discretion, the former in recommending approval of, and the latter in approving, the subject application and plans and amending the ordinance accordingly.
 III
Standing is the legal right to set the judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy, Tomlinson v. Board of Education, 226 Conn. 704,717. Standing does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief Lewis v.Swan, 49 Conn. App. 669, 675 (citation, quotation marks omitted).
A plaintiff must establish aggrievement to have standing to appeal a decision of a land use agency under General Statutes, §8-8. Absent such aggrievement, a court is deprived of subject matter jurisdiction and a motion to dismiss must be granted,Tomlinson v. Board of Education, supra, at 717-18.
For purposes of standing, a plaintiff's aggrievement may be statutory or "classical". Under § 8-8 (a)(1) an aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." A person so situated has established statutory aggrievement. CT Page 3155
To establish "classical" aggrievement, a party must, first, successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole; second, the party must successfully establish that this specific, personal and legal interest has been specially and injuriously affected by the decision at issue,Walls v. Planning Zoning Commission, 176 Conn. 475, 477-78
(citations, quotation marks omitted). Zoning is meant to protect the public at large and not the interests of individual developers, Lewis v. Swan, supra at 678. Legal business competition, as a matter of law, is insufficient to establish standing. See Northeast Parking, Inc. v. Planning ZoningCommission, 47 Conn. App. 284, 297.
 IV
Under General Statutes, § 22a-19, "any person, partnership . . . or other legal entity", may intervene as a party "[i]n any administrative, licensing or other proceeding, and in any judicial review thereof made available by law" on the filing of a verified pleading asserting that the proceeding or action for judicial review "involves conduct which has, or is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." An intervening party under § 22a-19, however, may raise only environmental issues, Red HillCoalition, Inc. v. Conservation Commission, 212 Conn. 710, 715
(citation omitted). Further, "invocation of the EPA is not an open sesame for standing to raise environmental claims with regard to any and all environmental legislation," Middletown v.Hartford Electric Light Co., 192 Conn. 591, 597. (Citations omitted). Section 22a-19 must be read in connection with the legislation which defines the authority of the particular administrative agency, Connecticut Fund for the Environment, Inc.v. Stamford, 192 Conn. 247, 250. Section 22a-19 is not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues, Id.
The plaintiff claims that, having filed such verified pleadings in the proceedings appealed from, it is statutorily aggrieved and is thus entitled to pursue its appeal taken pursuant to General Statutes, § 8-8. The defendants claim the plaintiff lacks standing under either §§ 8-8 or 22a-19, and that, accordingly, CT Page 3156 the defendants' motion to dismiss must be granted for lack of subject matter jurisdiction.
The defendants argue that:
 — Section 22a-19 does not provide an intervenor the right to initiate an appeal.
 — The provisions of § 22a-19 do not apply to legislative actions of a municipal land use agency.
 — The plaintiff failed to file a timely appeal of the denial to it of intervenor status by the defendants City Plan Commission and Board of Aldermen.
 V
As indicated, § 22a-19 provides that "any person" may "intervene" in "any administrative, licensing or other proceeding and in any judicial review thereof" The defendants argue that §22a-19 (in contrast to § 22a-16) confers no right on such person to initiate an appeal but merely to intervene in an existing judicial review of an agency action, citing Connecticut WaterCompany v. Beausoleil, 204 Conn. 38, 44-45 and Keeney v.Fairfield Resources, Inc., 41 Conn. App. 120, 136. Adherents to that statutory interpretation are confronted, however, with the recent ruling of our Supreme Court, in Branhaven Plaza, LLC v.Inland Wetlands Commission, 251 Conn. 269. In that appeal, a defendant, Stop Shop Supermarket, filed a motion to dismiss in the Supreme Court, claiming that the plaintiffs lacked standing to appeal in their capacity as intervenors. Stop Shop made essentially the same claims as do the defendants in the instant matter. The Supreme Court denied the motion to dismiss, stating, inter alia, "Because the plaintiffs filed a notice of intervention at the commission hearings in accordance with § 22a-19(a), they had standing to appeal the environmental issues associated with that commission's decision". Id. at 276, n. 9. The defendants suggest that the Supreme Court in Branhaven failed to give adequate consideration to the issues raised by the movants and invites this court to find, Branhaven
notwithstanding, that § 22a-19 does not permit an intervenor to initiate an appeal of an administrative agency's action. Further, the defendants argue that, to the extent our Supreme Court inBranhaven read Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 491, 400 A.2d 726 (1978), and Red Hill Coalition, Inc.CT Page 3157v. Conservation Commission, 212 Conn. 710 "to interpret § 22a-19
as providing a right to initiate an appeal, those cases are wrongly decided and should be overruled." This court declines the invitation. However compelling the defendants' argument, "[i]t is not, however, within our province to overrule or discard the decisions of our Supreme Court," State v. Vas, 44 Conn. App. 70,78. The Court finds that General Statutes, § 22a-19 does not bar an intervenor in a municipal land use agency action from initiating an appeal to the superior court, Branhaven Plaza, LLCv. Inland Wetlands Commission, supra, at 276, n. 9.
 VI
But this does not end the matter. The defendants claim that the Board of Aldermen, in the actions appealed from, acted legislatively and that an intervenor under § 22a-19 lacks standing to appeal a legislative, as contrasted to an administrative, licensing or "other", action. The court is unpersuaded. In analyzing the defendants' claim it is useful, first, to distinguish an agency's nature from the function it is performing at a given time. Undoubtedly, the Board of Alderman is a legislative body, New Haven Code, Charter, Article IX, § 37. A legislative body does not, however, always act in a legislative capacity in carrying out its various duties, J M Realty Co. v.Norwalk, 156 Conn. 185, 189.(citation omitted). It is undisputed that in acting on an application for a planned development district pursuant to Ordinance, § 65, the Board sits as a zoning authority. Charter, Article XXXI, § 181. In so doing, the Board acts as a municipal land use agency, and its action on such application is appealable under General Statutes, § 8-8 by one who establishes aggrievement under the statute. The fact that the Board is a legislative body does not itself bar an appeal from its action taken pursuant to Ordinance, § 65.
The defendants argue that a legislative act by a zoning authority is excluded from the purview of § 22a-19 in that intervention is permitted only in "any administrative, licensing or other" proceeding; that the Board's proceeding was neither administrative nor licensing; nor could it be deemed an "other" proceeding. The defendants cite Zoning Commission v. FairfieldResources Management, Inc., 41 Conn. App. 89, as authority for the proposition that the meaning of "other proceedings" is limited to "court proceedings". A fair reading of this case, as well as the related case, Keeney v. Fairfield Resources, Inc.,41 Conn. App. 120, reveals a court, which, by its interpretation of CT Page 3158 the phrase "any . . . other proceeding", extended, rather than restricted, intervention pursuant to § 22a-19, extending such intervention to court proceedings other than land use appeals. The Appellate Court reasoned that the words "administrative" and "licensing" refer to agency proceedings, while "other proceedings" referred to court proceedings, other than administrative appeals. Zoning Commission v. Fairfield ManagementResources, Inc., supra, at 115. In finding that "other proceedings" "encompasses court proceedings", Id., the court did not exclude legislative acts by a municipal land use agency from the purview of § 22a-19.
It is axiomatic that local zoning authorities perform various functions, administrative, legislative or quasi-judicial. Thus, when deciding an application for special permit, an agency is said to be acting in an administrative capacity, Daughters ofSt. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. 53, 56
(citation omitted). When deciding an appeal of a zoning enforcement officer's action, an agency acts administratively, in a quasi-judicial capacity; Lawrence v. Zoning Board of Appeals,158 Conn. 509, 513-4; when adopting or amending regulations, a zoning authority is said to be acting legislatively. See, e.g.,Kaufman v. Zoning Commission, 232 Conn. 122, 156 (amendment of zoning map a legislative act). Whether its action be deemed administrative, judicial or legislative, however, such decision is appealable to the court under General Statutes, § 8-8 by one who establishes aggrievement.
Under Zoning Ordinance, Article VII. § 61, the "legislative function of enactment and amendment of the zoning ordinance is performed by the Board of Aldermen." Under Ordinance, § 61.D. the Board of Aldermen "is charged with the administrative responsibility of hearing and deciding applications under the circumstances enumerated in the ordinance", including applications under Ordinance, § 65 for a planned development district.
In acting on the application at issue, the Board acts upon it as a proposed amendment to the ordinance and its approval of an application shall be construed to amend the Ordinance. Thus, the Board, sitting as a zoning authority, could be said to act administratively in approving an application; however, such approval "shall be construed to amend" the ordinance (§ 65.D.2.), a legislative action. Assuming, for purposes of this motion, that the Board's action was legislative, the court finds that General CT Page 3159 Statutes, § 22a-19 does not bar an intervenor from appealing a legislative action of a municipal land use agency. In this instance the substance of the Board's action must be determined from a review of the record.
 VII
With respect to review of a coastal site plan, proceedings before planning and zoning commissions are classified as administrative, (citation, quotation marks omitted). DeBeradinisv. Zoning Commission, 228 Conn. 187, 198.
The defendants argue that the Board is not required to conduct a coastal site plan review prior to amending an ordinance; rather, the statute, § 22a-109, provides that such review be undertaken to determine compliance with existing zoning regulations. In fact, § 22a-109, in pertinent part, provides that such review be conducted to determine "the conformity of a proposed building, use, structure . . ." with the specific provisions of the zoning regulations . . . and the provisions of §§ 22a-105 and 22a-106. . . ." The court notes that under the statutes, the Board is required to consider and decide issues which are "environmental," such as, e.g., "potential adverse impacts of the proposed activity on . . . coastal resources. . . ." General Statutes, § 22a-106. The fact that New Haven's scheme of regulation provides that approval of an application for a planned development district "be construed" as an amendment to the ordinance does not insulate such approval from the requirement under the statute for coastal site plan review. The Board's approval cannot simply be deemed legislative, so as to insulate the Board's action from legal challenge. The court finds that an intervenor under General Statutes, § 22a-19
is not barred from appealing a decision by the Board on a coastal site plan review, carried out in conjunction with an application for a planned development district.
 VIII
Both sides appeal to the legislative history of the Environmental Protection Act of 1971 ("EPA"), General Statutes, §§ 22a-14 through 22a-20, in support of their respective claims. The legislative history cited reflects a desire that citizens be afforded an avenue to raise concerns about the impact of projects on the environment and a desire that suits without merit not proliferate. The legislative history cited is inconclusive as to CT Page 3160 whether the legislative intent was to bar intervention under §22a-19 in a legislative proceeding of a municipal land use agency and inconclusive as to whether an intervenor under § 22a-19 may initiate an appeal of a decision of a municipal land use agency.
 IX
The defendants also claim that the plaintiff failed to file a timely appeal from the Board's denial to the plaintiff of intervenor status. General Statutes, § 8-8 requires that an appeal of a zoning decision be taken within fifteen days from the date of publication of that decision by a zoning authority. The defendants cite Nizzardo v. State Traffic Commission,55 Conn. App. 679, 685 as authority for their claim that denial of intervenor status, while interlocutory, is a final decision for purposes of appeal. The defendants go on to claim that since an appeal pursuant to General Statutes § 8-8 must be commenced "within fifteen days from the date that notice of the decision was published as required by the general statutes;" and since no notice need be published of an interlocutory decision to deny one intervenor status; then a would-be intervenor must commence an appeal of a denial of intervenor status with fifteen days of that denial. The defendants rely on Nizzardo v. State TrafficCommission, supra, to support their position. In Nizzardo, the plaintiff sought, pursuant to § 22a-19, to intervene in a proceeding before the state traffic commission wherein an applicant sought a traffic certificate. By letter dated December 2, 1996, the commission denied the plaintiff's request to intervene and subsequently, on January 21, 1997, granted the traffic certificate. Nizzardo appealed the commission's approval to the trial court, which found he had no standing because interalia his appeal was untimely filed with respect to denial of intervenor status. Because it found that Nizzardo was not otherwise aggrieved, the trial court dismissed his appeal. The Appellate Court affirmed, finding that the December 2, 1996 letter was a final decision for purposes of appeal and that the applicable time limit for taking of an appeal of the denial ran from December 2nd and not from the date of the commission decision on the application. The applicable appeal statute inNizzardo is General Statutes, § 4-183, which provides that an appeal must be commenced within forty-five days after mailing or personal delivery of an agency's final decision. As noted, the applicable statute here is § 8-8, which provides that an appeal be commenced "within fifteen days from the date that notice of the decision was published as required by the general statutes." CT Page 3161 The defendants ask the court to add by implication, "or where notice of decision is not required to be published, within fifteen days of such decision." This limitation is not set out in the statute and it is not clear how an appellant would obtain notice of such a requirement. It is not for this court to impose obligations not intended by the legislature, Winslow v.Lewis-Shepard, Inc., 216 Conn. 533, 540. One notes that § 4-183 (b) provides that "[a] person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling. . . ." No such guidance is afforded one who is denied intervention under § 22a-19. A statute should not be interpreted to thwart its purpose, Paige v. Town Plan ZoningCommission, 235 Conn. 448, 462 (citation, quotation marks omitted). The interpretation of § 8-8's time limits urged by the defendants appears in conflict with the provisions of § 8-8 (p): "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case in which a strict adherence to these provisions would work surprise or injustice." Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged, Killingly v. Connecticut Siting Council,220 Conn. 516, 522 (citation, quotation marks omitted).
The plaintiff, moreover, asserts that there is a dispute as to what transpired at the August 2nd meeting with regard to the plaintiff's request to intervene and that the court's ruling should be deferred pending a review of the record.
A determination of whether the Board improperly denied the plaintiff intervenor status requires a review of the record.
 X
The court finds that, pursuant to Branhaven Plaza, LLC. v.Inland Wetlands Commission, supra, an intervenor under General Statutes, § 22a-19, is not barred from initiating an appeal of a municipal land use agency's decision; that § 22a-19 does not exclude intervention in an application process for a planned development district and coastal site plan review; and that the plaintiff's appeal from the defendant Board of Aldermen's decision is timely filed. CT Page 3162
The Court concludes that the plaintiff has standing to appeal the denial to it of intervenor status and, if such denial is established as improper, to raise environmental issues which fall within the jurisdictional authority of the Board of Aldermen, acting pursuant to Ordinance, § 65.
The Motion to Dismiss is, accordingly, denied.
By the Court,
Downey, J.